**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


COLLEEN HENEREY

      Plaintiff,

v.                            CASE NO.  4:15cv128-RH/CAS

REPUBLIC PARKING SYSTEM, INC.,

      Defendant.

_____/


**<u>ORDER GRANTING SUMMARY JUDGMENT</u>**


      This is a private whistleblower case.  The defendant has filed a second motion for summary judgment.  This order grants the motion because the record shows that the plaintiff objected only to mismanagement and unlawful conduct of her supervisor; the plaintiff did not object to any unlawful conduct "of the employer," as required under the whistleblower statute.

I

      The plaintiff Colleen Henerey was the assistant general manager of the Tallahassee operation of the defendant Republic Parking System, Inc.  Republic

manages parking lots for the City of Tallahassee.  Ms. Henerey's immediate

supervisor was the Tallahassee general manager Phyllis DePriest.  Ms. DePriest in

turn reported to the district manager James Wallace Bice III.

Ms. Henerey complained orally to a district human-resources officer about

Ms. DePriest's poor performance.  One allegation was that Ms. DePriest stole

company funds.  The human-resources officer asked Ms. Henerey to put her

complaints in writing, and she did.  Her written memorandum again included

various allegations.  One was that Ms. DePriest's "mishandling of company funds"

was well known.  ECF No. 13-5 at 1.  More specifically, Ms. Henerey said Ms.

DePriest mishandled petty cash and "Hamilton" funds—funds apparently used to

stock machines that made change for parking customers.  Ms. Henerey also said

Ms. DePriest once came into possession of $300 in special-event proceeds but put

only $99 in the Hamilton fund.

Just 12 days after Ms. Henerey communicated her objections, Mr. Bice

drafted a termination letter to Ms. Henerey, labeling her actions "inappropriate and

insubordinate."  But Mr. Bice thought better of it and did not deliver the

termination letter.  Ms. Henerey stayed on, though only briefly.

Just over two months later—less than three months after Ms. Henerey

communicated her objections to Ms. DePriest's theft of funds and other

mismanagement—Mr. Bice terminated Ms. Henerey, effective immediately. The explanation was that Mr. Bice was making "operational changes" in Tallahassee, eliminating the assistant-general-manager position. No other position in Tallahassee or elsewhere was eliminated.

## II

Ms. Henerey originally asserted claims under Florida's public and private whistleblower statutes, but she withdrew the public-whistleblower claim.

The private whistleblower statute prohibits an employer from taking retaliatory action against an employee "because the employee has . . . [o]bjected to . . . any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). Here a jury could easily find that Mr. Bice terminated Ms. Henerey because she objected to Ms. DePriest's mismanagement of the Tallahassee office. An objection about mismanagement, without more, is not protected. But one of the objections was that Ms. DePriest committed theft—a violation of law.

This record presents genuine factual disputes over whether Ms. DePriest actually stole funds and whether Ms. Henerey's objection to any theft affected the termination decision—that is, whether Ms. Henerey would have been terminated for the other objections or for other reasons, even without regard to the theft

objection. Republic's first summary-judgment motion, which asserted the contrary, was denied.

III

Republic now has filed a second summary-judgment motion, correctly noting that Ms. Henerey can recover only if she was terminated because she objected to unlawful conduct "*of the employer*." Fla. Stat. § 448.102(3) (emphasis added). Republic says, again correctly, that Ms. DePriest was not Ms. Henerey's employer; Republic was. Ms. Henerey's objection to Ms. DePriest's theft qualifies under § 448.102(3) only if Ms. DePriest's theft can be attributed to Republic. Theft could be attributed to an employer if the employee acted within the scope of employment or perhaps even if the employer authorized or ratified the theft after the fact. One would be hard-pressed to find, and Ms. Henerey does not argue, that any theft by Ms. DePriest was within the scope of her employment.

If Ms. DePriest took Republic's money with Republic's consent, it was not theft; Ms. Henerey's objection thus was not protected by § 448.102(3). If Ms. DePriest took Republic's money *without* Republic's consent, it may have been theft, but it was theft from, not by, the employer, and again Ms. Henerey's objection was not protected by § 448.102(3).

Ms. Henerey now says, though, that the funds at issue were not Republic's but those of Republic's client the City of Tallahassee, and that by allowing Ms. DePriest to steal those funds, or ratifying her theft, Republic violated the law.

This assertion fails because it is unsupported by the record. Ms. Henerey testified that Ms. DePriest took petty cash, but nothing in the record suggests the petty cash belonged to the City. Quite the contrary. Ms. Henerey testified that when petty cash was replenished, the funds came from Republic, "never from the City." Henerey Dep., ECF No. 13-1 at 10. As Ms. Henerey said in her original objection to Ms. DePriest's conduct, and as Ms. Henerey confirmed in her own declaration, she objected to Ms. DePriest's mishandling of "company funds." ECF No. 13-5 at 1; Henerey Decl., ECF No. 17-1 at 4. When asked whether the City ever lost money from Ms. DePriest's actions, Ms. Henerey was emphatic: "Absolutely not." Henerey Dep. 13-1 at 13-14.

To be sure, Ms. Henerey now has tendered the declaration of another former employee averring that "the money we collected was the property of the City of Tallahassee." Almaguer Decl., ECF No. 27-1 at 3. That apparently is a reference to parking proceeds, not to petty cash or Hamilton funds. The employee did not assert that Ms. DePriest stole parking proceeds, nor did Ms. Henerey so assert in her original objection to Ms. DePriest's conduct. Instead, the employee said, as

Ms. Henerey said in her original objection, that Ms. DePriest took money from petty cash and from the Hamilton fund. The employee said that when Ms. DePriest's employment ended, she had not repaid the amounts she took.

This does not help Ms. Henerey. First, a plaintiff cannot avoid summary judgment by contradicting her own deposition testimony, unless there is an explanation. If the new declaration is somehow read to suggest that the petty cash or Hamilton fund belonged to the City, it would run afoul of this principle.

More importantly, what matters in the first instance is not what Ms. DePriest did, but what Ms. Henerey objected to. It is the objection, not the misconduct itself, that triggers an employee's protection against adverse action. Here Ms. Henerey objected to Ms. DePriest's theft from petty cash and from the Hamilton fund, never suggesting that these were funds of the City. The entire thrust of Ms. Henerey's objection was that Ms. DePriest was doing her job poorly, violating her duty to Republic, not that she was stealing from the City.

The only statement in Ms. Henerey's initial objection that could be read as an assertion that Ms. DePriest stole from the City—stole funds that, in the language of the new declaration, were "money we collected"—was the assertion that Ms. DePriest found $300 in her desk drawer from a special event and put only $99 in the Hamilton fund. The new declaration could perhaps be cited as evidence

that this $300 belonged to the City.  But Ms. Henerey, through her attorney, asserted at Mr. Bice's deposition that the $300 was irrelevant, and Republic promptly accepted the assertion, withdrawing a question about it.  Bice Dep., ECF No. 13-2 at 32.  Having blocked discovery on the ground that the $300 was irrelevant, thus indicating either that she asserted no claim based on her objection to the handling of the $300 or had abandoned any such claim, Ms. Henerey cannot now sustain her claim based only on any objection to the handling of that $300.

IV

In sum, Ms. Henerey communicated her objections about Ms. DePriest's mismanagement to Republic officials.  Ms. Henerey may have been fired as a result.  But Florida's private whistleblower statute does not protect an employee who objects only to mismanagement.  The statute protects an employee who objects to an activity, policy, or practice "of the employer" that violates a law, rule, or regulation.  Ms. Henerey complained that Ms. DePriest took petty cash and Hamilton funds, but the record contains no evidence that those funds belonged to anyone other than Republic.  If Ms. DePriest took the funds with Republic's consent, it wasn't theft.  If she took the funds *without* Republic's consent, it may have been theft, but it was theft from, not by, the employer.  Either way, Ms. Henerey did not object to unlawful conduct "of the employer."

Terminating Ms. Henerey may have been unwarranted, unjust, and a failure of management. But Florida is an employment-at-will state in which termination decisions are reviewable in court only under specific statutes. As juries are routinely instructed, an employer can terminate an employee for a reason that is good or bad, fair or unfair, or for no reason at all; the employee cannot recover unless the employer has violated a specific statute. Here Republic did not violate the private whistleblower statute—the only statute on which Ms. Henerey relies. Republic is entitled to summary judgment.

For these reasons,

IT IS ORDERED:

1. Republic's second summary-judgment motion, ECF No. 26, is granted.

2. The clerk must enter judgment stating, "This action was resolved on a motion for summary judgment. It is ordered that the plaintiff Colleen Henerey recover nothing. The claims against Republic Parking System, Inc., are dismissed on the merits."

3. The clerk must close the file.

SO ORDERED on November 13, 2015.

s/Robert L. Hinkle_____
United States District Judge